UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL BARRUETA DE PAZ,<br>Petitioner,<br>v.<br>TODD M. LYONS, et al.,<br>Respondents. | Case No. 2:26-cv-09122-KES<br><br>ORDER GRANTING THE PETITION AND ORDERING A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a) WITHIN SEVEN DAYS |

## I. BACKGROUND

Miguel Barrueta De Paz ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 6.)

The Petition raised two claims: (1) "Violation of the INA," because the "mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to" Petitioner (Pet. at 12-13, ¶¶ 68-70); and (2) "Violation of Due Process," because the "government's detention of Petitioner without a bond redetermination hearing

to determine whether he is a flight risk or danger to others violates h[is] right to due process." (Id. at 13, ¶¶ 71-74.)

On August 24, 2026, Respondents answered the Petition. ("Answer" at Dkt. 8.) The Answer admits, "The Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026) (finding 'that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).')." (Answer at 2.) They argue, however, "to the extent the instant Petitioner has not yet requested such a bond hearing from the Immigration Court, the Petitioner has not yet properly exhausted their available administrative remedies, and their Petition is defective on that basis." (Id.) Respondents also state that they "oppose outright release because this is a first detention of an interior [sic] after Petitioner entered the United States without inspection." (Id.)

The Court ordered Petitioner to file a Reply clarifying whether he was seeking release from custody based on a claim that Respondents were required to provide him with a bond hearing *before* arresting him. (Dkt. 9.)

Petitioner replied on August 26, 2026. ("Reply" at Dkt. 10.) Petitioner stated, "[T]he Court can resolve this Petition on the narrower and now substantially undisputed ground that Petitioner is governed by § 1226, was denied a bond hearing because he was erroneously classified under § 1225(b)(2)(A), and is presently entitled to prompt individualized custody consideration." (Id. at 12.)

## II. DISCUSSION

To the extent Respondents are arguing that Petitioner failed to administratively exhaust his claims (see Answer at 2), the Petition alleges that Petitioner previously sought a bond hearing before the immigration court, and the immigration judge denied it on the grounds that Petitioner was an applicant for admission under 8 U.S.C. § 1225(b)(2)(A) (see Pet. at 8, ¶¶ 46-47). Respondents

have not disputed this factual allegation. Accordingly, this claim is exhausted.

Based on the authority cited in the Petition and Reply, and in light of Respondents' concession that Petitioner is entitled to a bond hearing, Ground 1 of the Petition is granted. Because the due process claim in Ground 2 seeks the same relief, the Court need not reach that claim, and it is dismissed as moot.

## III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Ground 1 of the Petition is granted, and Ground 2 is dismissed as moot.
2. Respondents are enjoined from continuing to detain Miguel Barrueta De Paz (A# 246-062-074) unless Petitioner is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.
3. If Respondents fail to timely provide such a hearing, Petitioner may file a request for an order to show cause re contempt.[1]

DATED: August 27, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).